IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JTH TAX LLC, d/b/a Liberty Tax Service, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 19 C 8123 |
| NATALIE GRABOWSKI, SUPERNAT LLC d/b/a Liberty Tax Franchise, DAVID M. ROCCI, and ROCCI TAX TEAM LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In January 2008, defendant David Rocci, an Illinois resident, entered into an "Area Developer Agreement" with plaintiff Liberty Tax Service under which he obtained the exclusive right to sell tax preparation franchises for Liberty within an area in Massachusetts for a period of ten years. (Liberty also alleges that Rocci himself was a Liberty franchisee at some point). The area developer agreement provided that upon completion of the ten-year term, Rocci would have the right to enter into a new agreement "for the provision of services similar to" those in the original area developer agreement. It stated that if Rocci wanted to renew, he would have to give Liberty written notice 180 days before the agreement's expiration date and execute a general release of claims against Liberty.

In its complaint, Liberty says that Rocci did not renew his area developer agreement and also that his franchise was terminated. Nonetheless, Liberty alleges,

Rocci continued to use Liberty's trademarks and other property and operated what amounted to competing businesses out of former franchised locations or within their territory, in violation of non-compete provisions provided by contract. Liberty has sued Rocci (and others) for trademark infringement, breach of contract, and other claims.

Rocci has filed a counterclaim against Liberty. He alleges that in May 2017, he sent Liberty written notice of his intent to renew the area development agreement. Rocci alleges that in late 2017, Liberty provided "some area developers"—but evidently not Rocci—with a proposed new agreement that he said made significant and prejudicial changes to the original area developer agreement. He also alleges that Liberty never offered *him* a renewal and essentially ignored his request to renew. As a result, Rocci alleges "the 2008 [area developer agreement] expired, and Rocci lost the value of the business and his livelihood. Am. Countercl. ¶ 29. His counterclaim includes claims for breach of contract, and for violation of the Illinois Franchise Disclosure Act and the Massachusetts Consumer Protection Act.

Liberty has moved to dismiss Rocci's amended counterclaim under Federal Rule of Civil Procedure 12(b)(6) and, alternatively, to strike certain allegations in the counterclaim under Rule 12(f). In considering the motion to dismiss, the Court assesses whether Rocci has stated claims that are plausible on their face and, in doing so, takes his well-pleaded factual allegations as true and views them in the light most favorable to him. *See, e.g., Zablocki v. Merchants Credit Guide Co.*, 968 F.3d 620, 623 (7th Cir. 2020).

1. In count 1, Rocci alleges that that Liberty breached the 2008 area developer agreement by refusing to renew the agreement "upon the same or similar

2

terms," Am. Countercl. ¶ 34, and that this amounted to a breach of an obligation of good faith and fair dealing.

Initially, the 2008 area developer agreement did not entitle Rocci to a renewal "upon the same or similar terms." Rather, it entitled Rocci to a new agreement "for the provision of services to Liberty similar" to those in the original agreement. In other words, the 2008 agreement entitled Rocci to an agreement under which, going forward, *he* would provide services similar to those under the original agreement. The renewal clause imposed no limitations or requirements on the terms Liberty would offer in a proposed renewal. Under Illinois law, which the parties agreed would apply to the contract and their dealings, courts read and enforce contracts as they are written and do not add terms to suit one party or the other. *See, e.g., In re Marriage of Farrell & Howe*, 2017 IL App (1st) 170611, ¶ 19, 96 N.E.3d 516, 522; *Berryman Transfer & Storage Co. v. New Prime, Inc.*, 345 Ill. App. 3d 859, 863, 802 N.E.2d 1285, 1288 (2004). Nothing in the contract entitled Rocci, as he contends, to a renewal "upon the same or similar terms" as the 2008 agreement.

That said, Rocci alleges in his counterclaim that he was not offered a renewal, period, despite giving written notice. Liberty appears to contend that Rocci was not entitled to renewal because he did not meet sales quotas under the 2008 agreement and because he never signed a general release. But at this point the Court is assessing only the sufficiency of Rocci's allegations. Liberty's denials and the additional factual contentions it offers are not appropriately before the Court in considering a motion under Rule 12(b)(6). For this reason—based on Rocci's allegation that he was not

offered a renewal after giving notice of his intent to renew—the Court declines to dismiss count 1 of the counterclaim.

    2.    In count 2, Rocci alleges that Liberty breached the 2008 area developer agreement by failing to provide and maintain a lawful franchise system. Rocci points to section 1.2(b) of the agreement as the basis for this claim. Section 1.2(b), however, states that *Rocci's* services must be "provided in accordance with the Area Developer Manual, the Operations Manual . . . and any applicable law." Am. Countercl., Ex. 1 ¶ 1.2(b). In other words, the provision binds Rocci, not Liberty. Thus it cannot form the basis for a claim that Liberty breached the agreement. The Court therefore dismisses count 2.

    3.    In count 3, Rocci alleges that Liberty violated the Illinois Franchise Disclosure Act (IFDA) by failing to renew his area developer agreement without giving him sufficient notice and without compensating him for the value of his business. Though Rocci does not cite a specific provision of the IFDA in his counterclaim, the statute's nonrenewal provision states that it is a violation to refuse to renew, without compensation, "a franchise of a franchised business located in this State" if, among other things, the franchisee has not been given 6 months advance notice of the franchisor's intent not to renew. 815 ILCS 705/20.

Liberty argues that the IFDA does not apply because Rocci's territory was outside of Illinois. The Court is skeptical. It would seem that the parties' express undertaking to apply Illinois law "to disputes between the parties with respect to [the] Agreement or dealings of the parties related thereto," Am. Countercl., Ex. 1, Illinois

4

Addendum, amounts to a decision to opt into Illinois law even if it might not otherwise apply.

That aside, however, Rocci does not have a viable claim under the IFDA. In his counterclaim, he complains of the non-renewal not of his own tax preparation franchise but rather of his area developer agreement. That agreement did not amount to a franchise; it conferred the right to *sell* franchises for Liberty. The IFDA defines a franchise as an agreement in which the franchisee is granted the right to offer, sell, or distribute goods or services under a marketing plan prescribed or suggested by the franchisor, in return for payment by the franchisee of a franchise fee. 815 ILCS 705/3(1). This was not the case with regard to Rocci's area developer agreement: Rocci had to pay a lump sum fee, but then Liberty agreed to *pay him* a percentage of the fees paid by franchisees on any franchise agreements that he generated for Liberty. There is no viable argument that Liberty's agreement with Rocci to compensate him for selling franchises to others was a franchise agreement. The Court therefore dismisses count 3.

4. Finally, count 4 is a claim under the Massachusetts Consumer Protection Act. Specifically, Rocci alleges that Liberty violated the Massachusetts Act by wrongfully refusing to renew his area developer agreement, failing to maintain a lawfully operating franchise system, and encouraging franchisees to file false tax returns on behalf of their clients. The Court agrees with Liberty that this claim is barred by the Illinois choice-of-law provision in the parties' agreement. As indicated earlier, the choice of law provision expressly applies to all disputes between the parties regarding the 2008 area developer agreement *and* disputes regarding "dealings of the parties related

thereto." That is plenty broad enough to cover the wrongs alleged by Rocci in count 4. Illinois law "respects a contract's choice-of-law clause as long as the contract is valid and the law chosen is not contrary to Illinois's fundamental public policy." *Tradesman Int'l, Inc. v. Black*, 724 F.3d 1004, 1012 (7th Cir. 2013). Here the contract is valid (no viable argument is made otherwise), and it cannot possibly be contrary to Illinois public policy to apply Illinois law to an agreement with an Illinois resident. For these reasons, the Court dismisses count 4 of the counterclaim.

5. Liberty also moves to strike certain allegations relating to allegedly fraudulent practices by Liberty. *See* Am. Countercl. ¶¶ 15-23. The Court grants the motion, as these allegations have no bearing on the remaining claim for breach of contract.

## Conclusion

For the reasons stated above, the Court dismisses counts 2, 3, and 4 of defendant David Rocci's amended counterclaim; denies plaintiff's motion to dismiss [59] with regard to count 1 of the amended counterclaim; and strikes paragraphs 15 through 23 of the amended counterclaim. Plaintiff is directed to answer count 1 of the amended counterclaim within 14 days of this order.

Date: October 22, 2020

_____
MATTHEW F KENNELLY
United States District Judge