IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JTH TAX LLC d/b/a LIBERTY TAX SERVICE, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 19 C 8123 |
| DAVID ROCCI, | ) ) | |
| Defendant. | ) | |

### ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant David Rocci has moved for reconsideration of the Court's August 30, 2021 ruling granting summary judgment against him on Count 1 of his counterclaim, its October 22, 2020 ruling dismissing Count 2 of his counterclaim, and its ruling of that same date striking certain allegations in his counterclaim.

**1.    Counterclaim count 2; striking of certain allegations**

Rocci's last two reconsideration requests are untimely by a wide margin. The rulings in question were made just short of a year ago on a motion to dismiss and strike under Rule 12, at a relatively early period before much if any discovery had been done. The Court's dismissal of Count 2 of the counterclaim and its striking of the allegations cited by Rocci had an undeniable and significant effect on discovery, which closed long ago, in February 2021. A motion for reconsideration now, long after discovery closed, after summary judgment motions (by both sides) were briefed and ruled upon, and with the case set for trial just after the first of the year, comes far too late. It would effectively require not just vacating the trial date, but reopening discovery and going back to square 1 (or, at best, square 2 or 3).

The Rules do not set a time limit for a motion to reconsider an order that is not a final judgment. A court has the discretion, however, to deny a motion that is not made within a reasonable time of the order to be reconsidered. *See, e.g., U.S. Gypsum Co. v.*

*LaFarge N. Am., Inc.*, No. 03 C 6027, 2007 WL 2091020, at *1 (N.D. Ill. July 18, 2007). Rocci's motion was not made within a reasonable time for the reasons just referenced. The Court denies the motion for that reason.

Even if not untimely, the motion lacks merit with respect to the dismissal of Count 2 and the granting of the motion to strike. A motion to reconsider is not a proper vehicle for "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). But that is all Rocci does in his motion. The Court dismissed Count 2, in which he contended that Liberty Tax Service breached their agreement by ailing to maintain a lawful franchise system, because the only contractual term he cited in support, section 1.2(b) of his agreement with Liberty, expressly stated that *Rocci's* services had to be provided in accordance with applicable law. In short, that provision bound Rocci, not Liberty. Rocci argues that if that's so, the term lacks mutuality. This argument misunderstands the contract-law concept of mutuality. Mutuality of obligation simply requires both parties to be bound; it does not require them to make the same or even equivalent promises to each other. As Chief Judge Pallmeyer has put it:

> Illinois law regarding mutuality of obligation (essentially the same as the common-law notion of consideration), requires that either both parties be bound, or neither be bound. *Carrico v. Delp,* 141 Ill. App. 3d 684, 687, 490 N.E.2d 972, 974 (4th Dist. 1986). Moreover, mutuality of obligation does not require that the promises exchanged on each side be identical or even equal. *Piehl v. Norwegian Old Peoples' Home Soc'y,* 127 Ill. App. 3d 593, 595, 469 N.E.2d 705, 706 (1st Dist. 1984).

*Jacobsen v. J.K. Pontiac GMC Truck, Inc.*, No. 01 C 4312, 2001 WL 1568817, at *4 (N.D. Ill. Dec. 10, 2001). The fact that one particular term of the agreement imposes an obligation only on Rocci does not enable Rocci to have the agreement rewritten to impose a like obligation on Liberty.

Finally, the requirement of good faith and fair dealing, also cited by Rocci, is simply "used as an aid in construing a contract under Illinois law, but does not create an independent cause of action. Nor does it permit a party to enforce an obligation not present in the contract." *McArdle v. Peoria Sch. Dist. No. 150*, 705 F.3d 751, 755 (7th

2

Cir. 2013) (citation omitted). It does not provide a basis for an affirmative claim against Liberty.

The Court is also constrained to note the seeming incongruity of Rocci contending on the one hand that Liberty maintained an illegal franchise system and seeking on the other hand a renewal or extension of an agreement under which he procured franchisees for that very system.

2.     **Counterclaim count 1**

Rocci's request for reconsideration of the grant of summary judgment on Count 1 of his counterclaim is not untimely, but it lacks merit. Rocci first targets the Court's statement that the contract is interpreted literally because it was negotiated by commercially sophisticated parties. *See* Summary Judgment Decision at 8. Rocci contends that the agreement was really a contract of adhesion and thus should be construed against Liberty, the drafter. But Rocci made no effort during summary judgment briefing to argue this, let alone establish it, and thus the argument is not appropriately made on reconsideration. In any event, Rocci does not contend the contract was ambiguous but rather argues that its language supports his reading. Thus it's not clear how he contends the Court's claimed error affects things.

That aside, the argument Rocci makes for why he should prevail on Count 1 is the same argument that the Court made, and rejected, in granting summary judgment. The Court addressed the relevant contractual language in detail in its summary judgment decision and concluded that it undermined Rocci's claim. After considering Rocci's motion for reconsideration, the Court is unpersuaded that it overlooked anything or that its ruling was wrong. Specifically, the Court reaffirms that under the terms of the agreement, Rocci was not entitled to a new agreement, or to renewal of his existing agreement, because the evidence is undisputed that he failed to meet his minimum production requirements under the original agreement with Liberty. Thus Liberty remains entitled to summary judgment on Count 1.

## Conclusion

For the reasons stated above, the Court denies defendant's motion for

reconsideration [dkt. no. 141].

Date: October 17, 2021

_____
MATTHEW F. KENNELLY
United States District Judge